# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emery Chukly, et al., | No. CV-17-00088-TUC-RCC (LCK) |
| Plaintiffs, | **ORDER** |
| v. | |
| American Family Mutual Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Emery and Angela Chuckly's motion to amend or correct the complaint (Doc. 12) and remand to state court (Doc. 13), Defendants Charles Bushman's and John Perrill's motion to dismiss (Doc. 14), a Report and Recommendation ("R & R") prepared by Magistrate Judge Lynnette C. Kimmins (Doc. 24), Defendants Bushman's and Perrill's objection to the R & R (Doc. 25) and Plaintiffs' reply to the objections (Doc. 29). In the R & R, Magistrate Judge Kimmins recommended that this Court grant Plaintiffs' motion to remand to state court and deny as moot the remaining motions. For the following reasons, this Court shall adopt the R & R as the holding of this Court, grant Plaintiffs' motion to remand to state court and deny the remaining motions.

**Background**

This action arises from an insurance claim. On December 24, 2014, Plaintiffs' home suffered damage due to a microburst and massive rain. On December 19, 2016, Plaintiffs Emery and Angela Chuckly, on behalf of themselves and their minor child, filed a complaint in Pima County Superior Court alleging Defendant American Family Mutual Insurance ("American

Family") breached a home owner's insurance contract with the Chucklys and committed bad faith claims handling by failing to make payments to Plaintiffs for the full amount due. Plaintiffs also allege that Defendant Charles Bushman, an American Family claims manager, and John Perrill, an American Family adjuster, aided and abetted American Family in committing bad faith because Bushman and Perrill substantially assisted American Family in breaching its duty and both Bushman and Perill knew or should have known that they were assisting the breach.

On February 24, 2017, Defendants removed the case to this Court. Defendants stated that this Court has diversity jurisdiction because American Family is a resident of Wisconsin and Plaintiffs are residents of Arizona. Defendants also argue that this Court should disregard the Arizona residency of Defendants Bushman and Perrill because they were fraudulently joined.

On March 27, 2017, Plaintiffs filed a motion to amend or correct the complaint (Doc. 12) and a motion to remand to state court (Doc. 13). On the same day, Defendants Bushman and Perrill filed a motion to dismiss (Doc. 14).

On June 7, 2017, Magistrate Judge Kimmins issued a R & R that recommended that this Court grant Plaintiffs motion to remand and deny the remaining motions as moot.

On June 20, 2017, Defendants Bushman and Perrill filed an objection. On July 7, 2017, Plaintiffs filed a reply.

**Standard of Review**

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). The Court will not disturb a magistrate judge's order unless his factual findings are clearly

erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id*. (internal citations omitted).

Here, Defendants have filed an objection claiming that Arizona law requires plaintiffs to plead a separate act to aid and abet a primary and that this District has interpreted Arizona law to require plaintiffs to plead a separate act to aid and abet a primary act.

**Discussion**

In the R & R, Magistrate Judge Kimmins recommended granting the motion to remand because the Arizona Court of Appeals and this Court have reached divergent results and all ambiguity must be resolved in favor of remand. This Court agrees.

Federal district courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). Although an action may be removed to federal court only where there is complete diversity of citizenship, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The joinder is considered to be fraudulent if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper and that the court resolves all ambiguity in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th. Cir 2009).

Here, this Court is tasked with determining whether it is obvious under settled Arizona law that Plaintiffs have failed to state a claim against Defendants Perrill and Bushman for aiding and abetting American Family to commit the tort of bad faith claims handling. A claim of aiding

| | |
|---|---|
| 1 | and abetting tortious conduct has three elements: |
| 2 | (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; |
| 3 | (2) the defendant must know that the primary tortfeasor's conduct constitutes a |
| 4 | breach of duty; and |
| 5 | (3) the defendant must substantially assist or encourage the primary tortfeasor in |
| 6 | the achievement of the breach |
| 7 | *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395*, 38 P.3d 12, |
| 8 | 23 (Ariz. 2002). Courts in this District and the Arizona Court of Appeals have reached diverging |
| 9 | outcomes as to what these elements require. For example, some courts have required the adjuster |
| 10 | to engage in a separate tortious act while others have not. *Compare Ortiz v. Zurich Am. Ins. Co.*, |
| 11 | No. CV-13-02097-PHX-JAT, 2014 WL 1410433 at *3-5 (D. Ariz. 2014), *with Inman v. Wesco* |
| 12 | *Ins. Co.*, No. CV-12-02518-PHX-GMS, 2013 WL 2635603 (D. Ariz. 2013). |
| 13 | In their objections, Defendants only cite the factually similar cases from the Arizona |
| 14 | Court of Appeals and this District that support their position while ignoring the factually similar |
| 15 | cases Magistrate Judge Kimmins discussed that does not support their position. This Court does |
| 16 | not agree with Defendants' argument that this area of law is settled because courts have been |
| 17 | presented with factually similar cases yet have made different holdings. In fact, the diverging |
| 18 | outcomes in factually similar cases indicate that an ambiguity is present. Because an ambiguity is |
| 19 | present and it must be resolved in favor of remand, this Court agrees with the R & R and finds |
| 20 | that a remand is warranted. The remaining motions are denied as moot because the proceedings |
| 21 | will be remanded back to Pima County Superior Court. |
| 22 | … |
| 23 | … |
| 24 | … |
| 25 | … |
| 26 | … |
| 27 | … |
| 28 | … |

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Kimmins's Report and Recommendation on Plaintiffs Emery and Angela Chuckly's motion to amend or correct the complaint (Doc. 12) and remand to state court (Doc. 13), Defendants Charles Bushman's and John Perrill's motion to dismiss (Doc. 14) is accepted and adopted as the findings of fact and conclusions of law by this Court. Doc. 24.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend or correct the complaint is denied as moot. Doc. 12

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand to state court is granted. Doc. 13.

**IT IS FURTHER ORDERED** that Defendants Charles Bushman's and John Perrill's motion to dismiss is denied as moot. Doc. 14.

**IT IS FURTHER ORDERED** that Defendants' objections are overruled.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close the case.

Dated this 31st day of July, 2017.

_____
Honorable Raner C. Collins
Chief United States District Judge